1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LOU YANG,

11              Plaintiff,                  No. CIV S-05-0040 KJM

12        vs.

13
     JO ANNE B. BARNHART,
14   Commissioner of Social Security,

15              Defendant.                  ORDER
     _____/
16

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Supplemental Security Income ("SSI")

19   under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court

20   will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's

21   cross-motion for summary judgment.

22   /////

23   /////

24   /////

25   /////

26   /////

1

I. Factual and Procedural Background

        In a decision dated July 30, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairment of depression NOS[2] but this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff retains the residual functional capacity to perform an unlimited range of work physically and mentally perform simple routine tasks with limited public contact; plaintiff has no past relevant work; plaintiff's capacity for heavy work has not been

----

    [1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

        Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
        Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
        Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
        Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
        Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

    The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

    [2] NOS means "Not Otherwise Specified."

compromised by any nonexertional limitations; and based on Grid Rule 204.00, plaintiff is not disabled. Administrative Transcript ("AT") 21-22. Plaintiff contends the ALJ improperly discredited her subjective complaints of pain and mental impairment and should have used a vocational expert in making the disability determination.

II. <u>Standard of Review</u>

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. <u>Copeland v. Bowen</u>, 861 F.2d 536, 538 (9th Cir. 1988) (citing <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. <u>Id.</u>; <u>see also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

1    III.  Analysis

2        A.  Credibility

3            Plaintiff contends the ALJ improperly discredited her complaints of pain and

4    mental impairment.  The ALJ determines whether a disability applicant is credible, and the court

5    defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.

6    See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ

7    must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir.

8    1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility

9    finding to be supported by "a specific, cogent reason for the disbelief").

10            In evaluating whether subjective complaints are credible, the ALJ should first

11   consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

12   F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

13   the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

14   medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

15   (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

16   testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

17   prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

18   1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

19   55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

20   and effect of symptoms, and inconsistencies between testimony and conduct also may be

21   relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

22   to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

23   the ALJ in determining whether the alleged associated pain is not a significant nonexertional

24   impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).   The ALJ

25   may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453,

26   1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900

4

1   F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is

2   malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear

3   and convincing."  <u>Morgan v. Commissioner of Social Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir.

4   1999).

5          Plaintiff testified she could not work because of neck, back and shoulder pain,

6   dizziness, headaches, and depression  AT 69-71.  The ALJ found plaintiff was not credible for

7   several reasons and discussed extensively the reasons for discrediting both plaintiff's physical

8   and mental complaints.  AT 17-19.  The ALJ noted the examining consultative physicians found

9   no physical limitations but observed embellishment.  AT 141, 270-274.  The ALJ also considered

10  the numerous physical examinations of plaintiff by her treating physicians, which were within

11  normal limits.  AT 17, 149, 155, 179, 202, 205, 211, 218, 248, 252, 254.  The ALJ also factored

12  into the credibility analysis the dearth of treatment for allegedly disabling physical problems.  AT

13  17.  In discrediting plaintiff's mental complaints, the ALJ noted the inconsistency between

14  plaintiff's claim she was disabled mentally and the findings of the examining consultative

15  psychiatrists who found plaintiff could perform work activities.  AT 18, 145-46, 262.  With

16  respect to Dr. Collins' finding that he was not sure plaintiff could complete a normal workday,

17  the ALJ noted that Dr. Collins modified this finding with the observation that plaintiff's

18  presentation was exaggerated.  AT 18, 19, 262.  The ALJ also noted the lack of mental treatment.

19  AT 19, 142.  Inconsistencies between plaintiff's statements and the medical records were

20  considered.  AT 18, 71, 149, 155, 205, 211, 218, 237, 242, 248, 249, 252, 254.  Plaintiff's

21  activities of daily living in being able to care for six young children without help from her spouse

22  also were factored into the credibility analysis.  AT 17, 53, 66-67, 204.  The factors considered

23  by the ALJ all were valid and supported by the record.  The ALJ's credibility determination was

24  based on permissible grounds and will not be disturbed.

25  /////

26  /////

B.  Grids

Plaintiff contends the ALJ erred in relying on Grid Rule 204.00 in finding plaintiff was not disabled because plaintiff has significant nonexertional limitations.  The Medical-Vocational Guidelines ("the grids") are in table form.  The tables present various combinations of factors the ALJ must consider in determining whether other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns:  "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations."  Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983).  The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.[3] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).

Plaintiff contends vocational testimony was required because plaintiff has a

---

[3]  Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling.  20 C.F.R. § 416.969a (b); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n.6 (9th Cir.1989).

Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n.7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)).  "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids."  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

1 mental impairment.  Plaintiff asserts this nonexertional impairment is such a significant

2 limitation that it significantly impacts her exertional capabilities and thus the grids do not

3 accurately describe her limitations.  The ALJ, however, specifically found that plaintiff's

4 nonexertional limitation did not compromise plaintiff's ability to perform heavy work.  AT 22

5 (Finding no. 11).  In doing so, the ALJ relied on the regulations, which note that there are 2,500

6 separate sedentary, light and medium occupations that do not require skills or previous

7 experience and can be performed with a short demonstration or within 30 days, citing section

8 203.00(a).  AT 20; see 20 C.F.R. Pt. 404, Subpt. P. App. 2, § 201.00(h)(4)(I) (addressing

9 sedentary work--inability to communicate in English does not significantly limit unskilled work);

10 see also  20 C.F.R. Pt. 404, Subpt. P. App. 2, § 202.00(g) (addressing light work).  The

11 regulations further provide that the ability to perform heavy work includes the ability to perform

12 work at the lesser functional levels as well.  See  20 C.F.R. Pt. 404, Subpt. P. App. 2, § 204.00.

13 Given plaintiff's residual functional capacity to perform heavy work, which includes sedentary,

14 light and medium work, at the unskilled level, there was no error in the ALJ's reliance on the

15 grids.

16          The ALJ's decision is fully supported by substantial evidence in the record and

17 based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

18          1.  Plaintiff's motion for summary judgment or remand is denied, and

19          2.  The Commissioner's cross-motion for summary judgment is granted.

20 DATED:  March 30, 2006.

21

22                                              _____
                                               UNITED STATES MAGISTRATE JUDGE
23

24

25 006/yang.ss

26